IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES, ) | |
| ) | Crim. No. 06-328-2 |
| v. ) | Hon. John R. Padova |
| ) | (FILED ELECTRONICALLY) |
| TONY SOTO ) | |

<u>DEFENDANT SOTO'S TRIAL MEMORANDUM</u>

Defendants Theresa Brown and Tony Soto are charged with four counts of false statements to a federally licensed firearms dealer in violation of 18 U.S.C. § 924(a)(1)(A). The statute provides a maximum penalty of five years imprisonment for whoever "knowingly makes any false statement or representation with respect to the information required by this chapter to be kept in the records of a person licensed under this chapter." The indictment reflects that Ms. Brown is charged as a principal and that Mr. Soto is charged as an aider and abettor.

In this memorandum, defendant Soto will discuss three evidentiary issues which may arise during trial. Each issue concerns a prior bad act alleged to have been committed by Mr. Soto. If the government attempts to introduce evidence of these prior bad acts, defendant will object on three grounds: 1) that the evidence is not relevant under FRE 401; 2) that any arguable relevance is outweighed by the potential for unfair prejudice under FRE 403; and 3) that the evidence does not come within the exception for prior bad acts at FRE 404(b).

1. <u>Arrest for Domestic Violence</u> - In her affidavit to police of April 6, 2005, defendant Theresa Brown states that she purchased a rifle for Mr. Soto in December of 2004.  This admission corresponds to Count 1 of the indictment.  Ms. Brown goes on to state that this rifle was taken into custody by the Philadelphia Police Department "because in December Tony and I got into a fist fight and he threatened me with it and he eventually got locked up.  He told the cops where to find it."  Brown affidavit, 4/6/05, page 2.  At trial, defendant will object to testimony regarding the fist fight, gun threat, and local arrest.  Such testimony is irrelevant under FRE 401, unfairly prejudicial under FRE 403, and outside the prior bad acts exception at FRE 404(b).

2. <u>Prior Drug Dealing</u> - The affidavit of April 6, 2005, reflects that Ms. Brown was asked "why didn't Tony buy the guns for himself?"  She responded, "he told me that if he bought them himself he would use them, but if someone else bought them, he would not use them.  I know that someone was after him.  He told me that back in the day when he was hustling drugs, he got involved with someone who was coming after him for money.  A drug bust happened and the guy wanted Tony to pay back the money."  Brown affidavit, 4/6/05, page 2.  At trial, defendant will object to testimony that he had previously "hustled drugs."  Such testimony would be irrelevant, unfairly prejudicial, and outside the prior bad acts exception.

3.     <u>Open Criminal Charges</u> - In discovery, the prosecutor provided defense counsel with the transcript of a state court preliminary hearing conducted on March 3, 2005.  This transcript reflects that Mr. Soto was held for court on charges of auto theft, fleeing police, and violation of the Uniform Firearms Act.  Discovery further reflects that these charges remain open, that a bench warrant was issued for defendant's failure to appear, and that a bench warrant has also been issued on a charge of false reports.

Defendant will object if the government seeks to introduce evidence of these undisposed charges.  Defendant will also object if the government seeks to show that he failed to appear on these charges.  Such evidence would be irrelevant, unfairly prejudicial, and outside the prior bad acts exception.

                              Respectfully submitted,

DATE:  October 1, 2006         */s/ Daniel I. Siegel*
                                          Daniel I. Siegel, Esq.
                                          Attorney I.D. No. 38910
                                          601 Walnut Street, Suite 1150 West
                                          Philadelphia, Pennsylvania 19106-3304
                                          (215) 925-4100
                                          Fax:  (215) 925-1596
                                          isaiahsiegel@msn.com

CERTIFICATE OF SERVICE

I, Daniel I. Siegel, hereby certify that Defendant Soto's Trial Memorandum has been filed electronically and is available for viewing and downloading from the ECF system. It is my intent that notice shall be electronically mailed to Assistant United States Attorney Joseph A. Labar, and to Assistant Federal Public Defender Nina Spizer, counsel for co-defendant Teresa Brown. Both Mr. Labar and Ms. Spizer have consented to electronic service.

In addition, I certify that a copy of Defendant Soto's Trial Memorandum has been sent this day by Untied States Mail to Tony Soto, Reg. No. 60698-066, P.O. Box 562, Philadelphia, Pennsylvania 19105.

Respectfully submitted,

DATE: October 1, 2006

*/s/ Daniel I. Siegel*
Daniel I. Siegel, Esq.
Attorney I.D. No. 38910
601 Walnut Street, Suite 1150 West
Philadelphia, Pennsylvania 19106-3304
(215) 925-4100
Fax: (215) 925-1596
isaiahsiegel@msn.com