# United States District Court

for the

## Eastern District of Pennsylvania

December 29, 2010

U.S.A. vs. Tony Soto          Case No. 2:06CR00328-JP-02

## VIOLATION OF SUPERVISED RELEASE

COMES NOW George Reid U. S. PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Tony Soto who was placed on supervised release by the Honorable John R. Padova sitting in the Court at Philadelphia PA, on the 23rd day of May, 2007 who fixed the period of supervision at three years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

| | |
|---|---|
| ORIGINAL OFFENSE: | False statements to a federal firearms dealer and aiding and abetting (Counts One through Four). |
| ORIGINAL SENTENCE: | A total term of 33 months custody to be served concurrently on all four counts was imposed, followed by three years supervised release and a $400 special assessment. A fine in the amount of $1,000 was also imposed which was due immediately. Any portion of the fine which was not paid while in federal custody shall be due in monthly installments of $65.00 per month to commence 60 days from release of imprisonment. |
| SPECIAL CONDITIONS: | 1) The defendant is excused from the mandatory drug testing provision; however, the defendant may be requested to submit to drug testing during the period of supervision if the probation officer determines a risk of substance abuse; 2) The defendant is prohibited from possessing a firearm or destructive device; 3) The defendant shall cooperate in the collection of DNA as directed by the probation officer; 4) The defendant is to be confined to his residence for a period of four months commencing at the direction of the U.S. Probation Office. The defendant shall be required to be at this residence at all times except for approved absence for gainful employment, community service, religious services, medical care, educational or training programs, and at other such times as may be specifically authorized by the U.S. Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures. The defendant shall permit the probation officer access to the residence at all times and maintain a telephone at the residence without any custom services or portable, cordless equipment. The defendant shall comply with any other specific conditions of home confinement as the probation officer requires; 5) The defendant shall served fifty (50) hours of community service during the term of supervised release; 6) The |



RE: Soto, Tony
Case No. 2:06CR00328-JP-02

defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income; and 7) The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any fine or restitution obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the fine or restitution obligation or otherwise has the express approval of the Court.

DATE SUPERVISION
COMMENCED:          March 9, 2010

The above probation officer has reason to believe that the supervised releasee has violated the terms and conditions of his supervision under such circumstances as may warrant revocation. These conditions are:

A.  Standard Condition: The defendant shall not commit another Federal, state or local crime.

On December 29, 2010, Mr. Soto was arrested by the Philadelphia Police Department on the following charges: contact with a minor, promoting prostitution, endangering welfare, corruption of minors, indecent assault, and simple assault. He is currently being held at the 35th police district awaiting a bail hearing on DC # 1002074227.

The alleged criminal act occurred on October 31, 2010, at 2205 Disston Street, Philadelphia, Pennsylvania (the defendant's reported residence). The affidavit states that the 14-year-old daughter of Mr. Soto's girlfriend alleged that Mr. Soto asked her if she wanted to make some easy money. He then pulled down her shirt and started kissing and licking her breast. The complainant stated that once the offender was finished he gave her twenty dollars.

**GRADE OF VIOLATION** **A**

B.  Standard Condition: The defendant shall not commit another Federal, state or local crime.

On December 29, 2010, Mr. Soto was arrested by the Philadelphia Police Department on the following charges: criminal conspiracy, violation of the uniform firearm arms code - no license, violation of the uniform firearms code - former convict, violation of the uniform firearms code - on the streets, possession of an instrument of crime, terroristic threats, simple assault, and recklessly endangering another person. He is currently being held at the 35th police district awaiting a bail hearing on DC # 1035093252.

RE: Soto, Tony
Case No. 2:06CR00328-JP-02

The affidavit alleged that on November 21, 2010, a 17-year-old female complainant (Shakera Nelson) was inside of her residence, in Philadelphia, Pennsylvania, when Mr. Soto, a male co-worker at McDonald's Restaurant, at Bridge and Pratt Streets, Philadelphia, Pennsylvania, arrived. According to Ms. Nelson, Mr. Soto stood at the entrance of the residence and brandished a firearm. The victim reported that she shut the door and fled upstairs for safety. Shortly after, several gun shots were heard fired from outside of the residence.

**GRADE OF VIOLATION**                                                                 **A**

PRAYING THAT THE COURT WILL ORDER...    **THE ISSUANCE OF A WARRANT AS A DETAINER DIRECTING THAT THE NAMED SUPERVISED RELEASEE BE ARRESTED AND BROUGHT BEFORE THE COURT FOR A REVOCATION HEARING.**

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully,

Matthew MacAvoy
Supervising U.S. Probation Officer

Place Philadelphia, PA
Date December 29, 2010

cc:   Assistant U.S. Attorney
      Defense Attorney
      U.S. Marshal's - Warrant Squad

ORDER OF THE COURT
Considered and ordered this 29th day of December, 2010 and ordered filed and made part of the records in the above case.

_____
U. S. District Court Judge

3