# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. 06-328-02 |
| TONY SOTO | : | |

## GOVERNMENT'S MOTION FOR DETENTION PENDING DISPOSITION OF DEFENDANT'S VIOLATION OF SUPERVISED RELEASE PROCEEDING

Defendant Tony Soto used a hapless straw purchaser to buy three rifles and a shotgun for resale to drug dealers. He did so while a fugitive from two state prosecutions. Soto was convicted by a jury of aiding and abetting, that is, directing. the straw purchase ofur firearms and was sentenced to 33 months imprisonment, followed by 3 years supervised release to include four months of home confinement with electronic monitoring. He is alleged to have violated his supervised release by confronting a co-worker at her home, showing her a pistol, threatening her father, and firing the pistol in the air. Soto was detained locally pending the disposition of state charges arising out of this incident. He has been transferred to federal custody following the dismissal of the state charges at the first listing because the victim did not appear. The victim has told the government that she wishes to pursue the charges in state court, if possible, and by way of violation of supervised release hearing in federal court. The government is pursuing these charges in these violation of supervised release proceedings.

Because Soto cannot meet his burden to establish that he will not flee nor pose a danger to any other person or the community, Fed. R. Crim. P. 32.1(a)(6), the government, pursuant to 18 U.S.C. § 3143(a), respectfully urges the Court to order his detention pending the disposition of the violation of supervised release proceeding.

I.  **THE FACTS**

In support of this motion, the government makes the following representations and proposed findings of fact:

A.  **Probable Cause And The Evidence In This Case**

1. There is probable cause to believe that the defendant has violated supervised release by illegally possessing and firing a handgun and assaulting a co-worker at her home.

B.  **Maximum Penalty**

If found in violation of supervised release, the defendant may be imprisoned for up to two years.

C.  **Criminal Record**

When sentenced for the underlying offenses, Soto's criminal history category was III, and the Court imposed a sentence at the very top of the guideline range.

D.  **Prior History of Failures to Appear and Abide by Court Supervision**

Soto was a fugitive from justice when arrested for the underlying federal offenses for which he was convicted and sentenced to prison. He was detained by state authorities on the local charges on which the violation proceedings are based.

II. **LAW**

"[I]t must be remembered that 'the very assumption of the institution of [parole]' is that the [parolee] 'is more likely than the ordinary citizen to violate the law.'" United States v. Knights, 534 U.S. 112, 120 (2001), quoting Griffin v. Wisconsin, 483 U.S. 868, 880 (1987).

### III. <u>CONCLUSION</u>

When all these factors are viewed in light of the substantial sentence defendant faces for violating supervised release, it is clear that no condition or combination of conditions will reasonably assure the presence of the defendant as required and/or the safety of the community.

WHEREFORE, the government respectfully submits that its Motion for Defendant's Detention should be granted.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

_____
ERIC B. HENSON
Assistant United States Attorney

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. 06-328-02 |
| TONY SOTO | : | |

## **DETENTION ORDER**

AND NOW, this      day of                , 2011, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(a) the defendant has failed to prove that any condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

(b) the defendant has failed to prove that any condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3143(a) because the defendant is an unexceptable risk of flight and danger to the community:

1. There is probable cause to believe that the defendant has violated supervised release.

2. The total maximum statutory penalty defendant faces is two years imprisonment. Accordingly the defendant has a significant incentive to flee.

3. The defendant has a significant criminal history and, in this case, was convicted and sentenced for serious offenses.

4. The defendant's community ties did not prevent his previous crimes nor did they prevent his becoming a fugitive from justice before committing the offenses for which he is on supervised release.

5. The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

6. As the defendant is charged with violating supervised release, he bears the burden of establishing that he will not flee nor endanger others or the community. The defendant has failed to rebut this burden.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United

States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HONORABLE LYNNE A. SITARSKI
*United States Magistrate Judge*

CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for Pretrial Detention, and Proposed Order was served by hand delivery and electronic filing on\the following defense counsel:

>Susan Lin, Esquire
>Defender Association of Philadelphia
>Federal Court Division
>The Curtis Center Building
>601 Walnut Street
>Suite 540 West
>Independence Square West
>Philadelphia, PA 19106

_____
ERIC B. HENSON
Assistant United States Attorney

DATE: June 13, 2011