# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| v. | : | CRIMINAL NO. 06-328-02 |
| TONY SOTO | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE

The United States of America, by its undersigned attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and V. Paige Pratter, Assistant United States Attorney for the district, respectfully requests that this Court deny the defendant's pro se Motion to Terminate Supervised Release. The U.S. Probation Office has informed the government that it agrees with the government's position.

## I. INTRODUCTION

While a fugitive from two state prosecutions, the defendant used a hapless straw purchaser to buy three rifles and a shotgun for resale to drug dealers. On November 8, 2006, a jury convicted Soto of aiding and abetting the straw purchase of firearms. On May 23, 2007, this Court sentenced Soto to 33 months imprisonment, followed by three years supervised release to include four months of home confinement with electronic monitoring. The defendant's period of supervised release is scheduled to conclude in May 2013.

The defendant has been arrested twice during the two years of supervised release he has served thus far. First, the defendant was arrested in December 2010, for allegedly confronting a 17 year old coworker at her home after she spurned his sexual advances. He showed her a handgun, threatened her father, and fired the gun in the air. The Court held a hearing on the merits of the U.S. Probation Officer's petition on the defendant's violation of his

supervised release.  After finding the evidence to be "in equipoise," the Court dismissed the petition and released the defendant.

Second, the defendant was arrested in September 2011, for impersonating a police officer.[1]  While driving in a car outfitted with police-style accoutrements, the defendant was stopped by multiple Philadelphia Police officers.  The defendant allegedly showed a fake badge to the police sergeant who stopped him first, tricking the sergeant into letting the defendant go.  When two other officers stopped the defendant a few minutes later, the defendant again showed his fake badge, and told them to contact the sergeant if they wanted to verify the authenticity of his (fake) police credentials.  These officers were not fooled, and arrested the defendant.

The defendant went to trial on this matter in April 2012.  After officer testimony, defense counsel managed to exploit likely erroneous Pennsylvania case law to secure the dismissal of the prosecution.  See Commonwealth of Pennsylvania v. Dabbs, 2007 Pa. D. & C. Dec. LEXIS 71, *3-4 (Comm. Pleas Ct. 2007) (fact that police were not fooled by defendant's false representation that he was a sheriff's deputy was no defense to the charge of impersonating a public servant, under 18 Pa.C.S. 4912).  The defendant did not dispute that he had impersonated a police officer; he argued only that the applicable Pennsylvania statute does not criminalize impersonating a police officer unless the person on the receiving end of the impersonation is prejudiced in some way.  Without giving the Assistant District Attorney an opportunity to research or brief this issue, the local court dismissed the charges based on the theory that the officers to whom the defendant had shown his fake badge were not themselves prejudiced by the defendant's impersonation.  The Philadelphia District Attorney's Office was not permitted to appeal this ruling.  Although the local court's ruling rested on case law that is

---

[1] This was not Soto's first arrest for impersonating a law enforcement officer.  He was previously arrested for impersonating a federal agent.

2

arguably erroneous, the U.S. Attorney's Office declined to ask this Court to reconsider a Pennsylvania court's interpretation of a Pennsylvania statute.

Prior to this arrest, the defendant had been participating in the Supervision to Aid Reentry Program ("Reentry Court" program), successful completion of which could have earned the defendant early termination of supervision, subject to this Court's discretion. Following this arrest, the Reentry Court authorities determined that the defendant would no longer be permitted to take part in the program.

Now, after having served approximately two and a half years of his three year term of supervised release, the defendant comes to the Court asking to be excused from serving the remainder of his sentence. He bases this request on his misleading claim that he has never violated the terms of his supervised release. While this Court has not found the defendant to be in violation, compliance with the terms of his supervised release is precisely what is expected of him. More importantly, however, the circumstances of the defendant's two recent arrests demonstrate that early termination of supervision is unwarranted and against the public interest.

The defendant has shown himself to be an unreformed, dangerous predator with no respect for the law or the safety of the community. The defendant has manipulated the law and the facts to his advantage, but his avoidance of responsibility for his actions does not merit early termination of supervision. This motion should be denied.

## II. DISCUSSION

### A. Applicable Law

Title 18 U.S.C. § 3583(e) authorizes the Court to grant early termination of supervised release in certain circumstances. That section provides:

> The court may, after considering the factors set forth in section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6),

and (a)(7) – (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

18 U.S.C. § 3583(e).[2] The decision to grant early termination of probation or supervised release rests within the sound discretion of the court.[3] See United States v. Rasco, No. 88 CR 817 CSH, 2000 WL 45438, at *3 (S.D.N.Y. Jan. 19, 2000).[4]

---

[2] The factors to be considered are:
    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2) the need for the sentence imposed . . .
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;. . . . .
    (4) the kinds of sentence and the sentencing range established for –
        (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines – [or]
        (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant
    (5) any pertinent policy statement. . .; and
    (7) the need to provide restitution to any victims of the offense.
See 18 U.S.C. § 3553(a)(1), (a)(2)(B), (C), (D), (a)(4), (a)(5), (a)(6), and (a)(7).

[3] Cases involving early termination of supervised release and probation rely upon the same analysis, and are therefore both instructive to the defendant's motion. See United States v. Paterno, No. 99-cr-037 (WGB), 2002 WL 1065682, at *2 (D.N.J. Apr. 30, 2002) ("In both instances, the Court must consider the same factors in deciding whether early termination is warranted. Therefore, cases concerning early termination of supervised release are instructive.") (citation omitted).

[4] Congress's endowment to district courts of such wide discretion is entirely appropriate. After all, given the unique role of the district court in sentencing, and then supervising, a criminal defendant, it is obvious that the question whether to terminate supervised release after one year is one that, by its very nature, is "committed to the discretion of the district court." United States v. Ross, 9 F.3d 1182, 1189 n.7 (7th Cir. 1993), rev'd on other grounds, 511 U.S. 1124 (1994). In Gall v. United States, 128 S. Ct. 586 (2007), the Supreme Court recently reaffirmed why district courts merit so much deference on appellate review as to sentencing decisions:

    The sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case. The judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record. The sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him than the Commission or the appeals court.

Id. at 596-97. See also United States v. Sines, 303 F.3d 793, 800 (7th Cir. 2002) ("Section 3583(e) instructs . . . that just as a district court has wide discretion when imposing the terms of supervised release[,] so too must it have wide discretion in modifying the terms of that supervised release.") (citation

Early termination is "not warranted as a matter of course." United States v. Herrera, No. 94 CR. 1021 (RWS), 1998 WL 684471, at *2 (S.D.N.Y., Sept. 30, 1998). Rather, "[i]t may be justified 'occasionally' in cases of new or unforeseen circumstances." Id. (citing United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). "Such relief is warranted only '[o]ccasionally,' when 'changed circumstances – for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release – will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." United States v. Weintraub, 371 F. Supp. 2d 164, 166 (D. Conn. 2005) (quoting Lussier, 104 F.3d at 36).[5]

The defendant has the burden to demonstrate that the circumstances warrant early termination. See Rasco, 2000 WL 45438 at *3 ("Neither the statute nor the relevant case law places an affirmative obligation upon the government to make a showing of compelling penal need before a defendant will be required to complete a validly imposed term of supervised release. If the defendant desires to have that period shortened he must show that the circumstances warrant it, not that the government cannot prove otherwise."). As court after court has held, where the defendant presents no new or exceptional circumstances, early termination is not warranted. See, e.g., United States v. Guilliatt, No. Crim. A. 01-408, 2005 WL 589354, at *1 (E.D. Pa. Jan.18, 2005) ("early termination of probation should be ordered only in extraordinary circumstances").[6] Likewise, full compliance with the terms of supervision

---

omitted).

[5] In an unpublished opinion, the Third Circuit held that a district court does not abuse its wide discretion when it requires a defendant to demonstrate sufficiently compelling circumstances to warrant early termination. See United States v. Kay, 283 Fed. Appx. 944, at **2 (3d Cir. June 30, 2008).
[6] See also, e.g., United States v. Grimaldi, 482 F. Supp. 2d 248, 251 (D. Conn. 2007) ("[a]lthough there is nothing to fault and much to commend about the defendant's post-release conduct, completion of the full

is expected and does not justify early termination. See Guilliatt ("The conduct cited by defendant in support of his Petition is commendable. However, it is nothing more than what is required under the terms of defendant's probation.").[7] Indeed, if simple compliance with the terms of the Court's supervision were sufficient to justify early termination, "the exception would swallow the rule." Id. See also Lohman, 2007 WL 1430282, at *1 (holding that if simple compliance were sufficient for early termination, "every defendant who avoided revocation would be eligible for early termination").

B.  **The Defendant Has Failed to Provide the Court With a Sufficient Basis to Terminate His Supervised Release.**

The only extraordinary thing about the defendant's post-release conduct has been his ability to avoid revocation on the basis of his dangerous behavior. He has been arrested twice during the first two years of his supervised release, first for threatening a minor with a loaded weapon, and second for impersonating a police officer. Although the defendant avoided

---

term of supervised release has not been demonstrated to be too harsh or inappropriately tailored to serve the general need for the sentence imposed -. . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense") (internal quotation marks omitted); United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (flawless prison record and compliance with the terms of supervision are "commendable" but do not constitute the "exceptional behavior" contemplated to warrant early termination); Rasco, 2000 WL 45438 at *3 ("While Rasco's good behavior in prison and on supervised release is laudable, I am not satisfied that his conduct has been so unusual as to merit the early termination of his supervised release."); Herrera, 1998 WL 684471 at *2 ("Although Herrera seems to have adjusted well to probation, there are no new or exceptional circumstances sufficient to warrant a termination of his probation term."); United States v. Martin, No. 89 Cr. 405 (DNE), 1992 WL 178585, at *1 (S.D.N.Y. July 13, 1992) ("The factors that led to imposition of the original sentence, however, remain unchanged. . . . This court does not find, nor does defendant even offer, the existence of new circumstances that merit a modification of the original sentence.").

[7] See also Paterno, 2002 WL 1065682, at *2 ("Most Courts addressing this issue have found that compliance with the terms of supervised release and with the law alone are not enough to warrant early termination.") (citing cases); United States. v. Lohman, No. 02-CR-219, 2007 WL 1430282, at *1 (E.D. Wisc. May 15, 2007) ("The conduct of the defendant necessary to justify early termination must include more than simply following the rules of supervision."); Weintraub, 371 F. Supp. 2d at 167 (denying 77-year old defendant's motion for early termination of supervised release in the absence of exceptionally good behavior or exceptional illness); Rasco, 2000 WL 45438 at *2; United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (finding that defendant's compliance "with the terms of his supervision is commendable, but ultimately that is what is expected of him.").

revocation of his supervised release for these two arrests, there was considerable evidence that he committed the first crime, and there is no dispute that he impersonated a police officer well enough to deceive a Philadelphia Police sergeant. The defendant's arrests demonstrate that he still lacks respect for the law and the safety of the community.

But even in the absence of these disturbing incidents, the defendant has not provided the Court with sufficient justification for the early termination of his supervised release. See Weintraub, 371 F. Supp. 2d at 166 (early termination of supervision is appropriate only "occasionally," such as when "changed circumstances – for instance, exceptionally good behavior . . . – will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)."). The defendant has not – and indeed cannot – demonstrate any extraordinary rehabilitation, or any injustice that would result from his completing the term of supervised release.

Rather, the defendant merely argues that he has not been found to have violated the terms of his release, and that he completed a substantial portion of the Reentry Court program before expelled. Neither argument has merit. The defendant's technical compliance with the terms of his release does not merit early termination of supervision. See Guilliatt (compliance "is nothing more than what is required under the terms of defendant's probation"). Similarly, there is no reason that the Court should exercise its discretion to terminate the defendant's supervision based on his partial completion of the Reentry Court program. The defendant was dismissed from the program based on his own actions, and at the discretion of the Reentry Court authorities. The fact that the defendant's actions did not also result in the revocation of his supervised release is a windfall for the defendant, not evidence of his rehabilitation.

Early termination of supervision for Soto – who committed disturbing acts while under Court-ordered supervision, and who failed to complete the Reentry Court program – would be dangerous for the community, would undermine any chance for his own rehabilitation, and would send the wrong message to other defendants in the Reentry Court program who strive to meet the demanding and meaningful standards the program requires for completion.

### III. CONCLUSION

For the foregoing reasons, the government respectfully requests that the defendant's motion to terminate his supervised release be denied.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


   /s/ V. Paige Pratter

V. PAIGE PRATTER
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 06-328-02 |
| TONY SOTO | : | |

## ORDER DENYING DEFENDANT'S
## MOTION TO TERMINATE SUPERVISED RELEASE

AND NOW, this ___ day of November, 2012, it is hereby ORDERED that the defendant's Motion to Terminate Supervised Release is DENIED.

BY THE COURT:

_____
HON. JOHN R. PADOVA
United States District Court Judge

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Government's Opposition to Defendant's Motion for Termination of Supervised Release, and Proposed Order, was served by electronic mail transmission to:

    Susan Lin, Esquire
    Defender Association of Philadelphia
    Federal Court Division
    The Curtis Center Building
    601 Walnut Street
    Suite 540 West
    Independence Square West
    Philadelphia, PA 19106

    /s/ V. Paige Pratter

    V. PAIGE PRATTER
    Assistant United States Attorney

Date:   November 13, 2012